IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD ROZON, Individually and as Personal Representative of the Estate of SYLVIA ROZON, and In Behalf of the Heirs of SYLVIA ROZON,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARAMARK CORPORATION, a Delaware Corporation; ARAMARK SPORTS AND ENTERTAINMENT GROUP, INC., a Delaware Corporation; ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC., a Delaware Corporation; MERCURY MARINE, INC., a Delaware Limited Liability Company; BASS TRACKER CORPORATION, a Missouri Corporation, and TRACKER MARINE, LLC., a Missouri Limited Liability Company,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART RICHARD ROZON'S MOTION TO AMEND SCHEDULING ORDER**<br><br><br>Case No.: 2:07-cv-748<br><br><br>District Judge Dale A. Kimball<br><br><br><br><br>Magistrate Judge David Nuffer |

Plaintiff Richard Rozon moves to amend the scheduling order[1] "to extend the fact discovery deadline by 3 months from the date of the current deadline and extend by three months all of the other deadlines set forth in the current scheduling order."[2] He states this extension is needed to permit 30(b)(6) depositions of Defendants Tracker Marine and Mercury Marine and to depose Keith Jackson.[3] The motion is opposed by Defendants Tracker Marine[4] and Mercury Marine.[5]

---

[1] Motion to Amend Scheduling Order (Motion), docket no. 75, filed April 27, 2010.
[2] *Id.* at 14.
[3] *Id.* at 12.
[4] Defendant Tracker Marine's Memorandum in Opposition (Tracker memo), docket no. 78, filed May 6, 2010.
[5] Defendant Mercury Marine's Memorandum in Opposition (Mercury memo), docket no. 80, filed May 6, 2010.

The discovery deadlines in this case have been extended many times.[6] The original Scheduling Order was filed on June 6, 2008.[7] Under that order, the fact discovery deadline was February 28, 2009 and the expert discovery deadline was September 30, 2009. The first amended Scheduling Order was filed on February 13, 2009,[8] followed by the second amended Scheduling Order on June 9, 2009.[9] The third amended Scheduling Order was filed on December 21, 2009,[10] and finally, the fourth was filed on January 13, 2010.[11] Under the current scheduling order, the fact discovery deadline was April 30, 2010, 26 months later than the original fact discovery deadline. Mr. Rozon offers no valid justification for his failure to take the depositions earlier during all these extended schedules.

Mr. Rozon claims defendants failed to provide dates and names of designees for the 30(b)(6) depositions.[12] However, it is his failure to formulate notices that has prevented defendants from making designations and providing dates. Despite many attempts, Mr. Rozon has been unable to develop acceptable 30(b)(6) notices of deposition.[13] He now says he wants to take 30(b)(6) depositions on three topics: "(1) the contents of the relevant business documents Tracker and Mercury have produced; (2) the design, testing, manufacture, and sale of the relevant products; and (3) what safety devices were implemented or considered for the products."[14] The notices he has proposed are far broader than that.[15] The court will allow the 30(b)(6) depositions as to the three specific topics identified. The case would be significantly impaired without these basic depositions.

---

[6] Mercury memo at 2.
[7] Docket no. 47, filed June 6, 2008.
[8] Docket no. 55, filed February 13, 2009.
[9] Docket no. 68, filed June 9, 2009.
[10] Docket no. 72, filed December 21, 2009.
[11] Docket no. 74, filed January 13, 2010.
[12] Motion and Reply.
[13] Mercury memo at 6-10. Tracker memo at 3-6. Compare Motion at 3-8.
[14] Reply to Response to Motion to Amend Scheduling Order at 4, docket no. 82, filed May 13, 2010.
[15] Exhibits 3, 5, 12, 18, and 19 attached to Motion.

In the course of revising the notices and attempting to propose deposition dates, the record on this motion shows Plaintiff's counsel often waited weeks before sending revised 30(b)(6) notices and then asked for responses within a day or two.[16] This same pattern is reflected in his discussion of the Keith Jackson deposition. This erratic "on again, off again" method of communication impairs the relationships of counsel and does not yield results that would be obtained by measured, timely discussions.

Keith Jackson, who Mr. Rozon also seeks to depose,[17] works at Maritech Industries, a company that designs and manufactures various aftermarket safety devices for use on boats.[18] Mr. Jackson is not a percipient fact witness, except to the extent that "Aramark was in discussion with Mr. Jackson and Maritech Industries regarding the implementation of certain Maritech safety devices in its houseboat fleet."[19] But Aramark officials would be percipient to those discussions. And Mr. Rozon admits the discovery of Mr. Jackson's expertise is an object of the deposition. "Mr. Jackson, as a manufacturer of boat safety devices, also has expert knowledge regarding boat safety devices. Rozon states "One reason to depose someone like Mr. Jackson is to 'discover' whether he has applicable expertise and what his [sic] opinions he has on the matter."[20] The unique information Mr. Jackson could provide would be that of an expert.[21] Defendants pointed this out as early as late March 2010.[22] Mr. Rozon was obligated under the original scheduling order to disclose Jackson as an expert "at least 60 days before the deadline for expert reports from that party."[23] Rozon's report deadline is June 4, 2010.[24] The dispute

---

[16] Mercury memo at 6-10. Tracker memo at 3-6. Compare Motion at 3-8.
[17] Exhibit 20 attached to Motion.
[18] Mercury memo at 17.
[19] Motion at 8-9.
[20] Reply at 8.
[21] Mercury memo at 10-11, 17. *See also* Tracker memo at 10.
[22] Email, Bruce Duffield to Keith Killian, March 22, 2010, attached as Exhibit 21 to Motion; Email, Alex Marconi to Bruce Duffield and Keith Killian, March 24, 2010, attached as Exhibit 22 to Motion.
[23] Scheduling Order at 3, docket no. 47, filed June 6, 2008.

essentially disclosed Jackson in a timely manner. Any report from Rozon must be provided on or before June 25, 2010.

**ORDER**

IT IS HEREBY ORDERED that Richard Rozon's Motion[25] to Amend the Scheduling Order is GRANTED IN PART to allow 30(b)(6) depositions regarding (1) the contents of the relevant business documents Tracker and Mercury have produced; (2) the design, testing, manufacture, and sale of the relevant products; and (3) what safety devices were implemented or considered for the products. These depositions shall be completed on or before Friday July 30, 2010.

The motion to depose Keith Jackson as a fact witness is DENIED. Plaintiff Rozon shall provide any expert report from Jackson on or before June 25, 2010.

No other deadlines are changed.

Dated this 29th day of May, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[24] Order Granting Stipulated Motion to Amend and Amended Scheduling Order, docket no. 74, filed January 13, 2010.
[25] Docket no. 75, filed April 27, 2010.